Nicholas M. DiCostanzo, Esq. Informal Opinion Eastchester Fire District No. 95-24 P. O. Box 219 Bronxville, N Y 10708
Dear Mr. DiCostanzo:
You have asked whether a conflict of interests exists under the following circumstances. A commissioner of the Town of Eastchester Fire District along with the other four elected fire commissioners are responsible for negotiating union contracts with the career firefighters (paid) in the Eastchester Fire District. These firefighters are represented by the International Association of Firefighters, Local 916. The commissioner in question, in his personal career as a paid firefighter in the City of Mount Vernon, is a member of the same International Association of Firefighters but belongs to a different local. You have asked whether the commissioner has a conflict of interests in negotiating union contracts on behalf of the Eastchester Fire District as a result of his membership in the International Association of Firefighters union.
First, we note that the position of fire district commissioner is an elected office and that commissioners receive no compensation. Town Law § 174(2), (3). Persons serving as fire district commissioners are volunteers who have taken on a significant responsibility in developing policy on behalf of the fire district. In light of the voluntary nature of this service, commissioners will ordinarily have other employment in order to support their families. Thus, the mere fact that a commissioner in his paying job is a member of a labor union, should create no conflict of interests.
The distinguishing factor in your inquiry is that the commissioner is a member of the same parent union as the paid firefighters with whom he must negotiate union contracts as a member of the Eastchester board of fire commissioners. You have explained that on each of the 26 annual paydays there is a payroll deduction of $13.50 from each of the Eastchester career firefighters for payment of union dues, which goes to the local and then the local redistributes a portion of the dues to the national union.
We see no basis for a conflict of interest under these circumstances. The commissioners have no control over the amount of dues going to the local and the portion going to the national union except through their control of the number of paid firefighters. The commissioner belongs to a different local than that of the paid firefighters with whom he negotiates union contracts. You have informed us that the national union has many locals. Significantly, you indicated that the cities in Westchester County look to each other for comparisons of firefighter terms and conditions of employment. Thus, the Eastchester contract would not necessarily serve as a model for Mount Vernon firefighters. His membership in the same national union under these circumstances creates a remote, if any, incentive to act in violation of the public interest.
We conclude that a commissioner of the Eastchester Fire District does not have a conflict of interests as a result of his private employment as a firefighter where he is a member of the same national union as the paid firefighters with whom he must negotiate union contracts on behalf of the fire district.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions